**THE LAW OFFICES OF GREGG A. PINTO**
Gregg A. Pinto
225 Broadway, Suite 307
New York, New York 10007
(646) 328-2434
pinto@pintolawoffices.com

**JOSHUA E. SEIDMAN, ESQ.**
244 5th Avenue, #2030
New York, New York 10001
(212) 726-1190
jes@seidmanlegal.com

**DRANTIVY LAW FIRM, PLLC**
1414 Kings Highway, Suite 203
Brooklyn, NY 11229
(718) 375-3750
askedwin@drantivylaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAISA DRANTIVY,<br>Plaintiff, on behalf of themselves individually and all others similarly situated,<br><br>- against -<br><br>APPLE, INC., a corporation; DOES 1 through 10, inclusive,<br>Defendants. | **CLASS ACTION COMPLAINT**<br><br>**ECF CASE**<br><br>**CIVIL ACTION INDEX NO.** |

Plaintiffs identified below (collectively, "Plaintiffs"), individually, and on behalf of the Classes defined below of similarly situated persons, file this Class Action Complaint. Plaintiffs file suit against Apple, Inc. ("Defendants").

## NATURE OF THE ACTION

1. Plaintiffs and Class Members have owned iPhone 7, and iPhone 7s, or have owned any iPhone model prior to iPhone X.

2. Defendant produces, promotes, sells, and distributes the Apple iPhone ("hereinafter referenced to as the "iPhone") in New York and all over the world.

3. The iPhone is a modern electronic smartphone device used to make phone calls, send texts, take pictures, film videos, and utilize thousands of applications in order to perform specific functions at high performance levels while maintaining technological mobility. Plaintiffs and Class Members have noticed that their older iPhone models operate more slowly when new iPhone models are released.

4. On December 20, 2017, Defendant admitted to purposefully causing older iPhone models to operate more slowly when new models are released.

5. Plaintiffs and Class Members never consented to allow Defendants to slow their iPhones.

6. As a result of Defendant's wrongful actions, Plaintiffs and Class Members had their phone slowed down, and thereby it interfered with Plaintiffs' and Class Members' use or possession of their iPhones, Plaintiffs and Class Members have otherwise suffered damages.

## THE PARTIES

7. Plaintiff Raisa Drantivy is a New York citizen residing in Kings County, New York.

8. Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated, namely all other individuals who have owned iPhone models prior to iPhone 8.

9. Upon information and belief, Defendant Apple is a corporation actively engaging in interstate commerce, organized under the laws of the State of Delaware, with its principal place of business in the State of California.

10. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when the same are ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants are responsible in some manner for the occurrences and acts alleged herein, and that Plaintiffs damages alleged herein were proximately caused by these Defendants. When used herein, the term "Defendants" is inclusive of DOES 1 through 10.

11. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over the state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), since some of the Class Members are citizens of a State different from the Defendant and, upon the original filing of this complaint, members of the putative Plaintiffs class resided in states around the country; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.

13. The Court also has personal jurisdiction over the Parties because Defendant conducts a major part of their national operations, advertising, and sales through continuous business activity in New York.

14. Venue is appropriate because, among other things: (a) Plaintiffs are resident and citizen of this District; (b) the Defendants had directed their activities at residents in this District; (b) the acts and omissions that give rise to this Action took place, among others, in this judicial district.

15. Venue is further appropriate pursuant to 28 U.S.C. § 1391 because Defendant conducts a large amount of their business in this District, and Defendant has substantial relationships in this District. Venue is also proper in this Court because a substantial part of the events and omissions giving rise to the harm of the Class Members occurred in this District.

## SUBSTANTIVE ALLEGATIONS

16. On or about September 15, 2008, Plaintiff purchased an iPhone 3G.

17. From July 2008 until March 2011, Defendant released and listed "updates" to the iPhone 3G's operating system.

18. Defendant's "update" descriptions expressly specified and recommended that Plaintiff and other iPhone users should download and install the "updates" to "fix bugs and issues" as well as "increase performance" on the iPhone 3G.

19. Plaintiff and other iPhone users routinely downloaded and installed Defendant's "updates" to the iPhone 3G.

20. On or about July 15, 2009, Plaintiff noticed that the performance of her iPhone 3G had diminished in speed and efficiency due to an "update."

21. On or about September 15, 2010, Plaintiff purchased an iPhone 4.

22. From June 2010 until September 2014, Defendant released and listed "updates" to the iPhone 4's operating system.

4

23. Defendant's "update" descriptions expressly specified and recommended that Plaintiff and other iPhone users should download and install the "updates" to "fix bugs and issues" as well as "increase performance" on the iPhone 4.

24. Plaintiff routinely downloaded and installed Defendant's "updates" to the iPhone 4.

25. On or about July 15, 2012, Plaintiff noticed that the performance of her iPhone 4 had diminished in speed and efficiency due to an "update."

26. On or about October 1, 2012, Plaintiff purchased an iPhone 5.

27. From September 2012 until September 2017, Defendant released and listed "updates" to the iPhone 5's operating system.

28. Defendant's "update" descriptions expressly specified and recommended that Plaintiff and other iPhone users should download and install the "updates" to "fix bugs and issues" as well as "increase performance" on the iPhone 5.

29. Plaintiff routinely downloaded and installed Defendant's "updates" to the iPhone 5.

30. On or about July 15, 2013, Plaintiff noticed that the performance of her iPhone 5 had diminished in speed and efficiency due to an "update."

31. On or about October 1, 2014, Plaintiff purchased an iPhone 6.

32. Since September 2014, Defendant released, listed, and continues to release and list "updates" to the iPhone 6's operating system.

33. Defendant's "update" descriptions expressly specified and recommended that Plaintiff and other iPhone users should download and install the "updates" to "fix bugs and issues" as well as "increase performance" on the iPhone 6.

34. Plaintiff routinely downloaded and installed Defendant's "updates" to the iPhone 6.

35. On or about July 15, 2015, Plaintiff noticed that the performance of her iPhone 6 had diminished in speed and efficiency due to an "update."

36. On or about October 1, 2016, Plaintiff purchased an iPhone 7.

37. Since September 2016, Defendant released, listed, and continues to release and list "updates" to the iPhone 7's operating system.

38. Defendant's "update" descriptions expressly specified and recommended that Plaintiff and other iPhone users should download and install the "updates" to "fix bugs and issues" as well as "increase performance" on the iPhone 7.

39. Plaintiff routinely downloaded and installed Defendant's "updates" to the iPhone 7.

40. On or about July 15, 2017, Plaintiff noticed that the performance of her iPhone 7 had diminished in speed and efficiency due to an "update."

41. Plaintiffs and Class Members have owned and used defendant Apple's product, iPhones, for a number of years.

42. Defendant alleges that its battery may retain up to 80 percent of their original capacity at 500 complete charge cycles.

43. Defendant alleges that it slows down iPhone processors when the battery is wearing out.

44. Defendant never requested consent or did Plaintiffs at any time give consent for Defendant to slow down their iPhones.

45. Plaintiffs and Class Members were never given the option to bargain or choose whether they preferred to have their iPhones slower than normal.

46. Plaintiffs and Class Members suffered interferences to their iPhone usage due to the intentional slowdowns caused by Defendant.

47. Defendant's wrongful actions directly and proximately caused the interference and loss of value to Plaintiffs and Class Members' iPhones causing them to suffer, and continue to suffer, economic damages and other harm for which they are entitled to compensation, including:

    a. Replacement of old phone;

    b. Loss of use;

    c. Loss of value;

    d. Purchase of new batteries;

    e. Ascertainable losses in the form of deprivation of the value of their iPhone;

    f. Overpayments to Defendant for iPhones in that a portion of the price paid for such iPhone by Plaintiff and Class Members to Defendant was for Defendant to purposefully not interfere with the usage of their iPhones, which Defendant and its affiliates purposefully interfered with in order to slow down its performance and, as a result, Plaintiffs and Class Members did not receive what they paid for and were overcharged by Defendant.

## CLASS ACTION ALLEGATIONS

48. Plaintiffs brings this action on their own behalf and pursuant to the Federal Rules of Civil Procedure Rule 23(a), (b)(2), (b)(3), and (c)(4), Plaintiffs seek certification of a

7

Nationwide class and a New York class. The nationwide class is initially defined as follows:

> All persons residing in the United States who have owned iPhone models older than iPhone X (the "Nationwide Class").

The New York class is initially defined as follows:

> All persons residing in New York who have purchased and owned iPhone models older than iPhone X in New York (the "New York Class").

49. Excluded from each of the above Classes are Defendant, including any entity in which Defendant has a controlling interest, is a parent or subsidiary, or which is controlled by Defendant, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendant. Also excluded are the judges and court personnel in this case and any members of their immediate families. Plaintiffs reserve the right to amend the Class definitions if discovery and further investigation reveal that the Classes should be expanded or otherwise modified.

50. *Numerosity*. Fed. R. Civ. P. 23(a)(1). The members of the Classes are so numerous that the joinder of all members is impractical. While the exact number of Class Members is unknown to Plaintiffs at this time, Defendant has acknowledged to purposefully slow down older iPhone models. The disposition of the claims of Class Members in a single action will provide substantial benefits to all parties and to the Court. The Class Members are readily identifiable from information and records in Defendant's possession, custody, or control.

51. *Commonality*. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Classes, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

    a. Whether Defendant has an implied contractual obligation to not purposefully slow down older iPhone models;

    b. Whether Defendant has complied with any implied contractual obligation to not purposefully slow down older iPhone models;

    c. Whether Defendant interfered or otherwise lowered the use or value of older iPhone models;

    d. Whether Plaintiffs and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

52. *Typicality*. Fed. R. Civ. P. 23(a)(3). Plaintiffs' claims are typical of those of other Class Members because Plaintiffs' iPhones, like that of every other Class Member, was misused by Defendant.

53. *Adequacy of Representation*. Fed. R. Civ. P. 23(a)(4). Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs have retained competent counsel experienced in litigation of class actions, including consumer class actions, and Plaintiffs intend to prosecute this action vigorously. Plaintiffs' claims are typical of the claims of other members of the Class and Plaintiffs

has the same non-conflicting interests as the other Members of the Class. The interests of the Class will be fairly and adequately represented by Plaintiffs and their counsel.

54. *Superiority of Class Action*. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Classes is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims. There will be no difficulty in the management of this action as a class action.

55. Damages for any individual class member are likely insufficient to justify the cost of individual litigation so that, in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go un-remedied.

56. Class certification is also appropriate under Fed. R. Civ. P. 23(a) and (b)(2), because Defendant has acted or has refused to act on grounds generally applicable to the Classes, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Classes as a whole.

**FIRST CAUSE OF ACTION**
**Breach of Implied Contract**
(On Behalf of Plaintiffs and the Nationwide and New York Classes)

57. Plaintiffs incorporate the substantive allegations contained in each and every paragraph of this Complaint.

58. Defendant solicited and invited Plaintiffs and the members of the Class to buy new iPhones. Plaintiffs and Class Members accepted Defendant's offers and bought iPhones from Defendant.

59. When Plaintiffs and Class Members bought iPhones from Defendant, they paid for their iPhones. In so doing, Plaintiffs and Class Members entered into implied contracts with Defendant to which Defendant agreed to not purposefully interfere with Plaintiffs and Class Members' usage or speed of the device.

60. Each purchase made with Defendant by Plaintiffs and Class Members was made pursuant to the mutually agreed-upon implied contract with Defendant under which Defendant agreed to not purposefully interfere with Plaintiffs and Class Members' usage or value of their iPhones.

61. Plaintiffs and Class Members would not have bought iPhones from Defendant in the absence of the implied contract between them and Defendant.

62. Plaintiffs and Class Members fully performed their obligations under the implied contracts with Defendant.

63. Defendant breached the implied contracts it made with Plaintiffs and Class Members by purposefully slowing down older iPhone models when new models come out and by failing to properly disclose that at the time of that the parties entered into an agreement.

64. As a direct and proximate result of Defendant's breaches of the implied contracts between Defendant and Plaintiffs and Class Members, Plaintiffs and Class Members sustained actual losses and damages in a sum to be determined at trial but in no event less than $100,000,000.00, together with interest thereon, for which sum Defendants are liable to Plaintiffs and Class Members.

## SECOND CAUSE OF ACTION
### Trespass to Chattel
(On Behalf of Plaintiffs and the Nationwide and New York Classes)

65. Plaintiffs repeats and fully incorporates the allegations contained in each and every paragraph of this Complaint.

66. Plaintiffs owned or possessed the right to possess the above mentioned iPhones.

67. Defendant intentionally interfered with Plaintiff and Class Members' use or possession of their iPhone by purposefully slowing down their phones.

68. Plaintiffs and Class Members never consented to Defendant interfering with their phones in order to slow their phones down

69. Plaintiffs and Class Members have lost use, value, had to purchase new batteries, and had to purchase new iPhones due to Defendant's conduct.

70. Defendant's conduct was a substantial factor in causing Plaintiffs and Class Members to have to replace iPhones, buy new batteries, or loss of usage of their iPhone, thus causing Plaintiffs and Class Members to sustain actual losses and damages in a sum to be determined at trial but in no event less than $100,000,000.00, together with interest thereon, for which sum Defendants are liable to Plaintiffs and Class Members.

## THIRD CAUSE OF ACTION
### Fraud
(On Behalf of Plaintiffs and the Nationwide and New York Classes)

71. Plaintiff repeats and fully incorporates the allegations contained in each and every paragraph of this Complaint.

72. On or about December 20, 2017, Defendant admitted that sometimes its "updates" actually cause a downgrade in iPhone performance.

73. On or about December 20, 2017, Defendant admitted that it intentionally slowed performance of iPhones through "updates" without notification to its customers despite having knowledge of the "update's" downgrade capability.

74. Between June 2007 and December 2017, Defendant, by admission, had a clear intent to deceive Plaintiff and other iPhone users between June 2007 and December 2017.

75. Between September 2008 and December 2017, Plaintiff relied on Defendant's recommendations to download and install the "updates" because she believed that the "updates" were an upgrade to the previous operating system and she, in fact, downloaded and installed the "updates."

76. As with the Plaintiff, similarly situated Class Members also relied on Defendant's recommendations and suffered the same loss of iPhone performance.

77. Between September 2008 and December 2017, Plaintiff and Class Members sustained damages as a result of their reliance on Defendant's assertions and recommendations to download and install "updates," thus causing Plaintiffs and Class Members to sustain actual losses and damages in a sum to be determined at trial but in no event less than $100,000,000.00, together with interest thereon, for which sum Defendants are liable to Plaintiffs and Class Members.

**FOURTH CAUSE OF ACTION**
**Misrepresentation**
(On Behalf of Plaintiffs and the Nationwide and New York Classes)

78. Plaintiff repeats and fully incorporates the allegations contained in each and every paragraph of this Complaint.

79. Defendant is a market leader in the smartphone industry and is one of the largest corporations in the world.

80. Apple, Inc. management refers to the help staff at Apple stores as "Apple Geniuses."

81. Apple Geniuses possess unique or specialized expertise and each help staff member is in a special position of confidence and trust such that a special duty is created not to mislead help customers.

82. Apple Geniuses recommended the download and installation of "updates" following Plaintiff's purchases of iPhones.

83. Defendant breached its duty to Plaintiff when it promoted an upgrade to the iPhone's performance level with knowledge that the upgrade was actually a downgrade.

84. Defendant knew or should have known that its "updates" and accompanying "update" descriptions would be relied on by Plaintiff and other iPhone users in order for users to monitor and maintain iPhone speed, efficiency, and overall performance.

85. Plaintiff and other iPhone users relied on Defendant's multiple "updates" and "update" descriptions in furtherance of monitoring and maintaining iPhone speed, efficiency, and overall performance.

86. On or about December 20, 2017, Defendant admitted that sometimes its "updates" actually cause a downgrade in iPhone performance by slowing down the iPhone's processor.

87. On or about December 20. 2017, Defendant admitted that it failed to provide adequate notification to customers of the "update's" downgrade capability following download and installation.

88. Between September 2008 and December 2017, Plaintiff and other iPhone users relied on Defendant's recommendations to download and install the "updates" because users believed that the "updates" were an upgrade to the previous operating system and users, in fact, downloaded and installed the "updates."

89. Between September 2008 and December 2017, Plaintiff and other iPhone users sustained damages as a result of reliance on Defendant's assertions and recommendations to download and install "updates."

90. Between September 2008 and December 2017, Plaintiff and other iPhone users relied on Defendant's recommendations to download and install the "updates" because users believed that the "updates" were an upgrade to the previous operating system and she, in fact, downloaded and installed the "updates."

91. Between September 2008 and December 2017, Plaintiff and other iPhone users sustained damages as a result of reliance on Defendant's assertions and recommendations to download and install "updates."

92. Defendants knew or should have known that Plaintiff's reliance was foreseeable here because Defendant routinely sends all its users downloadable updates throughout the lifespan of iPhones and until the respective support cutoff dates.

93. Plaintiff and Class Members sustained damages as a result of their reliance on Defendant's misrepresentations, thus causing Plaintiffs and Class Members to sustain actual losses and damages in a sum to be determined at trial but in no event less than

$100,000,000.00, together with interest thereon, for which sum Defendants are liable to Plaintiffs and Class Members.

## FIFTH CAUSE OF ACTION
**Deceptive Business Acts and Practices**
(On Behalf of Plaintiffs and the Nationwide and New York Classes)

94. Plaintiff repeats and fully incorporates the allegations contained in each and every paragraph of this Complaint.

95. From June 2007 until December 20, 2017, Defendant promoted and provided routine "updates" to its customers' iPhones with knowledge that the "updates" were actually downgrades despite being promoted and described as upgrades.

96. Defendant's deceptive acts and practices occurred in the course and furtherance of its business and thus are wholly unlawful.

97. Plaintiff and Class Members sustained damages as a result of Defendant's deceptive acts and practices, thus causing Plaintiffs and Class Members to sustain actual losses and damages in a sum to be determined at trial but in no event less than $100,000,000.00, together with interest thereon, for which sum Defendants are liable to Plaintiffs and Class Members.

98. Pursuant to NY General Business Law §349, Plaintiff is entitled to and is seeking attorney fees in the event she prevails in this matter.

## SIXTH CAUSE OF ACTION
**False Advertising**
(On Behalf of Plaintiffs and the Nationwide and New York Classes)

16

99. Plaintiff repeats and fully incorporates the allegations contained in each and every paragraph of this Complaint.

100. Defendant promoted and provided updates to Plaintiff's devices by offering descriptions of those updates prior to download and installation.

101. Defendant knew or should have known that its labeled "updates" and accompanying "update" descriptions would be relied on by Plaintiff and other iPhone users in order for users to monitor and maintain iPhone speed, efficiency, and overall performance.

102. Plaintiff and other iPhone users relied on Defendant's multiple "updates" and "update" descriptions in furtherance of monitoring and maintaining iPhone speed, efficiency, and overall performance.

103. On or about December 20, 2017, Defendant admitted that sometimes its "updates" actually cause a downgrade in iPhone performance.

104. Defendant promoted an upgrade to the iPhone's performance level with knowledge that the upgrade was actually a downgrade and such baseless promotion is misleading to Plaintiff and other iPhone users in a material respect.

105. Defendant's false advertising occurred in the course and furtherance of its business and thus is wholly unlawful.

106. Plaintiff and Class Members sustained damages as a result of Defendant's false advertising, thus causing Plaintiffs and Class Members to sustain actual losses and damages in a sum to be determined at trial but in no event less than $100,000,000.00, together with interest thereon, for which sum Defendants are liable to Plaintiffs and Class Members.

107.    Pursuant to NY General Business Law §350, Plaintiff is entitled to and is seeking attorney fees in the event she prevails in this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all Class Members proposed in this Complaint, respectfully requests that the Court enter judgment in her favor and against Defendant as follows:

A.  For an Order certifying the Nationwide Class and New York Class as defined here, and appointing Plaintiffs and her Counsel to represent the Nationwide Class and the New York Class;

B.  For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of here pertaining to the misuse of Plaintiffs and Class Members' personal property;

C.  For equitable relief compelling Defendant to utilize appropriate methods and policies with respect to older iPhone models in respect to their batteries;

D.  For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendant's wrongful conduct;

E.  For an award of actual damages and compensatory damages, in an amount to be determined at trial but in no event less than $100,000,000.00, together with interest thereon;

F.  For an award of costs of suit and attorneys' fees, as allowable by law; and

G.  Such other and further relief as this court may deem just and proper.

**JURY DEMAND**

Based on the foregoing, Plaintiffs, on behalf of themselves, and all others similarly situated, hereby demand a jury trial for all claims so triable.

Plaintffs reserve the right to supplement this Complaint should new information become available.

Dated:  December 21, 2017
         New York, NY

                                    Respectfully submitted,

                                    */s Gregg Pinto*_____
                                    Gregg A. Pinto
                                    **THE LAW OFFICES OF GREGG A. PINTO**
                                    225 Broadway, Suite 307
                                    New York, New York 10007
                                    (646) 328-2434
                                    pinto@pintolawoffices.com

                                    */s Joshua Seidman*_____
                                    Joshua E. Seidman
                                    **SEIDMAN LEGAL**
                                    244 5th Avenue, #2030
                                    New York, New York 10001
                                    (212) 726-1190
                                    jes@seidmanlegal.com

                                    */s Edwin Drantivy*_____
                                    Edwin Drantivy
                                    **DRANTIVY LAW FIRM, PLLC**
                                    1414 Kings Highway, Suite 203
                                    Brooklyn, New York 11229
                                    (718) 375-3750
                                    askedwin@drantivylaw.com

                                    *Attorneys for Plaintiffs*

## ATTORNEY'S VERIFICATION

GREGG A. PINTO, an attorney duly admitted to practice law in the State of New York, affirms the following: I am the attorney for plaintiff RAISA DRANTIVY, I have read the annexed Complaint and know the contents thereof, and the same are true to my knowledge, except those matters which are stated to be based on information and belief and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files. This verification is made by me because Plaintiff does not reside in the County wherein I maintain my law offices.

Dated: December 21, 2017
       New York, NY

Respectfully submitted,

**The Law Offices of Gregg A. Pinto**

By:    */s Gregg A. Pinto*_____
       Gregg A. Pinto
       225 Broadway, Suite 307
       New York, NY 10007
       Telephone: (646) 328-2434
       Facsimile: (212) 898-0117
       pinto@pintolawoffices.com
       *Attorneys for Plaintiffs*